WILLIAM T. DAY, trustee, complainant,

*v.*

ANGELINA É. FAULKS et al., defendants-appellants, WALTER H. FAULKS et al., defendants-respondents.

[Argued March 13th, 1912. Decided November 27th, 1912.]

1. It would be inequitable to award the whole of a stock dividend upon stock held for a trust fund to the life tenants, for two reasons—*first*, because stock dividends are not dividends set aside as earnings by the corporation; *second*, because to permit the new stock to go to the life tenant would lessen the proportionate interest of the estate in the corporation, a result that cannot have been contemplated by the testator.

2. *Ashhurst* v. *Potter*, *29 N. J. Eq. (2 Stew.) 625, 635*, distinguished.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Stevens, whose opinion is reported in *79 N. J. Eq. (9 Buch.) 66.*

*Mr. Edward A. Day,* for the appellants.

*Mr. Clark McK. Whittemore,* for the respondents.

The opinion of the court was delivered by

SWAYZE, J.

We agree with the reasoning and the conclusion of the vice-chancellor, and would add nothing but for a suggestion in his opinion as to the state of the authorities and the fact that our attention has been directed to a remark of the master in *Ashhurst* v. *Potter, 29 N. J. Eq. (2 Stew.) 625, 635.*

The case as it comes to this court does not present the general question whether a stock dividend, strictly so called, upon stock held for a trust fund, is to be apportioned between the tenant for life and the remainderman. The vice-chancellor felt con-

strained by the authorities to apportion the dividend, and the remaindermen have not appealed. The life tenants only appeal and the question presented is whether they are entitled to the whole stock dividend as they claim. There is language in the opinion of the master, in *Ashhurst* v. *Potter*, which sustains this view. The question, however, was evidently not considered by him since the controversy was not between life tenant and remaindermen, but between the testator's daughters and their children (life tenants and remaindermen) on one side and the testator's sons on the other. That the children of the daughters were not actually interested adversely to their mothers, appears from the fact that they took no appeal, and the question as between them was not before this court nor considered by us. We agree with the vice-chancellor that it would be inequitable to award the whole stock dividend to the life tenants, and that for two reasons—*first,* because stock dividends are not dividends set aside as earnings by the corporation; *second,* because to permit the new stock to go to the life tenant would lessen the proportionate interest of the estate in the corporation, a result that cannot have been contemplated by the testator. The difficulties which courts of the highest standing have found in apportioning a stock dividend apply with increased force against a claim of the life tenant to the whole. The decree is affirmed.

. *For affirmance*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, TRENCHARD, BERGEN, VOORHEES, KALISCH, BOGERT, VREDENBURGH, CONGDON, WHITE, TREACY—12.

*For reversal*—None.